IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLAS JOSEPH GOODWIN, <br><br> Plaintiff, <br><br> v. <br><br> NORTHWEST FINANCIAL SERVICES, et al., <br><br> Defendants. | Case No. 18-2088-CM-GLR |

## MEMORANDUM AND ORDER

Before the Court is the Motion for Leave to appear Pro Hac Vice on behalf of Defendant Northwest Financial Services (ECF 16). For the following reasons the Court denies the motion for its failure to comply with D. Kan. Rule 83.5.4.

District of Kansas Rule 83.5.4 lists the specific requirements for pro hac vice admission. The motion and attached affidavit before the Court have several deficiencies. First, it is not signed by local counsel. Instead, the language instructing counsel to sign the motion remains. District of Kansas Rule 83.5.4(a)(2) requires that a member in good standing of the bar of this Court move for admission. Because the motion is not signed, the Court has no way of knowing who is moving for Patrick D. Newman's pro hac vice admission or if such person is a member in good standing of the bar of this Court.

The affidavit in support of the motion[1] includes an incomplete address for the attorney seeking pro hac vice admission. No city or state or bar admission is disclosed. Statement No. 3 says, "I have been admitted to practice in the following courts (here list the dates and places of

---

[1] ECF 16-1.

admission to all bars, state or federal, and any bar registration numbers): See attached." However, nothing is attached. Under D. Kan. Rule 83.5.4(a)(1), the attorney seeking pro hac vice admission "must be a member in good standing of the bar of another state or federal court." Based on the affidavit, the Court has no information that Patrick D. Newman is a member in good standing of the bar of another state or federal court.

The affidavit states no disciplinary or grievance proceedings have been previously filed against Mr. Newman.[2] However, a "Recommendation of the Grievance Committee for Dismissal" is attached, which states a grievance complaint was filed against Patrick D. Newman.[3] This suggests that a disciplinary or grievance proceeding indeed has been filed against Mr. Newman.

Because of these deficiencies, the Court denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion for Leave to Appear Pro Hac Vice (ECF 16) is **denied**.

Dated June 14, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[2] ECF 16-1 at 2.

[3] ECF 16-1 at 4–9.

2